C. W. GRIFFIN v. J. E. LANE.

(Filed 22 March, 1911.)

**Wills—Devises—Conditions—Age—Survivors—Limitations—Fee Simple.**

A devise of land was to the daughters of the testator, to be divided off and set apart to each upon her attaining 21 years of age, with a proviso "that if any one or more of my daughters die before reaching that age without heir or heirs, such share or shares to be divided among my surviving daughters." A codicil to the will provided: "Should any one or more of my daughters die without bearing child or children, the portion of property left by her shall go to her surviving sisters": *Held*, the only restriction upon a daughter to make a valid fee-simple conveyance of her land devised was that she must have attained the age of 21.

GRIFFIN *v.* LANE.

APPEAL by plaintiff from *Ferguson, J.,* at Spring Term, 1910, of PERQUIMANS.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Charles Whedbee for plaintiff.*
*W. T. Shannonhouse and J. S. McNeider for defendant.*

CLARK, C. J. In 1867 John Skinner died, leaving a will by which he devised all his property, of which the land in question is a part, to his five daughters, to be divided off and set apart to each as she should arrive at the age of 21, with a proviso that if any one or more of his daughters died before attaining the age of 21 and without heir or heirs, he gave such share or shares to be divided among his surviving daughters. In a codicil he provided: "Should any one or more of my daughters die without bearing child or children, the portion of property *left by her* shall go to her surviving sisters."

Each of the daughters reached the age of 21, and thereupon became vested with the absolute right to her share in fee simple, subject only to the provision in the codicil. That provision provides only for the restriction as to the property of any daughter *"left by her"* and when she shall die without bearing child or children. Martha, one of said daughters, contracted to convey the land in question to the defendant upon payment of the purchase money named. She tendered a fee-simple deed, and the only objection raised by the defendant to the title is on the ground of the restriction in the codicil. That provision, however, is no restriction upon the alienation by either daughter after arriving at 21 years of age. It merely provides that as to any daughter who should die, without bearing a child or children, the property left by her should go to her surviving sisters. Martha, therefore, had the full right to use, dispose of, or convey away the property, and could convey a fee simple to the defendant. *Herring v. Williams,* 153 N. C., 236.

Upon the case agreed judgment should have been entered in favor of the plaintiff.

Reversed.